IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SALCE, | ) | CASE NO. 3:08 CV 674 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JULIUS WILSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Javier Salce for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Salce is incarcerated at the Richland Correctional Institution in Mansfield, Ohio.[3]  He is serving a five-year sentence imposed in 2006 by the Huron County Court of Common Pleas after he entered a negotiated plea of guilty to one count of attempted possession of drugs.[4]

In this petition, Salce raises four grounds for relief, centered on his sentence and allegations of ineffective assistance of both trial and appellate counsel.[5]  The State argues that

---

[1] *See*, ECF # 5.

[2] ECF # 1.

[3] *Id*. at 2.  Julius Wilson, the named respondent, is Warden of RCI.  *See*, ECF # 9 at 1.

[4] ECF # 1 at 2.  In the sentence, Salce was also ordered to pay a fine of $5,000, but did not have his driver's license suspended.  *See*, ECF # 9 at 2.

[5] ECF # 1, Attachments 5, 8, 10, 12.

ground one was not fairly presented to the Ohio courts and should now be deemed procedurally defaulted.[6] Further, it contends that grounds two through four should be denied inasmuch as these claims were decided against Salce in an Ohio appeals decision that was not an unreasonable application of clearly established federal law.[7]

For the reasons that follow, I will recommend that Salce's petition be denied.

## Facts

### 1.    State conviction

The Huron County Grand Jury indicted Javier Salce on one count of possession of drugs, a second degree felony, in violation of Ohio Revised Code § 2925.11(A)(C)(3).[8]

After negotiations with the prosecution, Salce entered an agreed-to plea to one count of attempted possession of drugs, a felony of the third degree.[9]  The trial court then referred Salce for a presentence investigation and scheduled a hearing on the plea for a later date.[10] At the sentencing hearing, the court accepted the plea, found Salce guilty, and sentenced Salce to a jointly recommended penalty of five years.[11]  As part of his sentencing, Salce was

---

[6] ECF # 9 at 10-11.

[7] *Id*. at 13-22.

[8] ECF # 10 at 34.

[9] *Id.*

[10] *Id.*

[11] *Id.*

also required to pay a mandatory fine of $5,000.[12]  The court, however,  did not suspend his driver's license.[13]

## 2.      Delayed direct appeal

In June, Salce filed *pro se* a notice of appeal to the Sixth District Court of Appeals, Huron County, Ohio.  The court dismissed the appeal as untimely.[14]  The court ruled that Salce failed to file a delayed appeal and provide the court with his reasons for the delay in filing.[15]

## 3.      Second delayed appeal

Late in September, Salce filed for and received a delayed direct appeal.[16]  The court of appeals, *sua sponte*, appointed counsel to represent Salce for this appeal only.[17]   In February, Salce's counsel filed an *Anders* brief to withdraw and presented the following potential assignments of error:

1.      The trial court abused its discretion when it imposed the agreed sentence upon the Defendant.

2.      Appellant was denied the effective assistance of counsel.

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 14.

[15] *Id.*

[16] *Id.* at 20.

[17] *Id.* at 27.

3.　　　Whether the trial court committed error when it waived Appellant's right to appeal the outcome of his plea.[18]

Salce then filed a motion petitioning the court of appeals to accept his *pro se* brief as opposed to the *Anders* brief submitted by his counsel.[19]　Salce added that had his counsel notified Salce about the *Anders* brief, Salce would have requested that his counsel withdraw the brief from the appeal and otherwise would have continued *pro se*.[20]　The court accepted Salce's *pro se* brief but noted that it would be considered in tandem with the issues raised in his counsel's *Anders* brief.[21]　In his delayed *pro se* brief, Salce presented the following assignments of error:

1.　　　The Appellant was denied procedure "Due Process" of law by the Huron County Prosecutor when the Huron County Prosecutor and/or City of Willard, Ohio Prosecutor undercut the Norwalk Municipal Court's "subject-matter" jurisdiction and/or circumvented and/or violated the Norwalk Municipal Court's jurisdiction by seeking and/or obtaining a direct and/or secret indictment against Appellant, for the alleged criminal offense of Possession of Drugs, extending from a drug raid on May 17, 2005, at a residence of Appellant's sister, Mrs. Dalia Garcia, that Appellant was visiting. The alleged criminal offense was committed within the city limits of Willard, Ohio and/or the jurisdictional territory and/or Willard geographical territory. The Huron County Prosecutor and/or the City of Willard Prosecuting Attorney created a "structured defect" in the constitution of the trial mechanics that tainted the criminal trial process from the beginning of the direct and/or secret indictment being returned by the Huron County Grand Jury. The Huron County Prosecutor and/or the City of Willard violated

---

[18] *Id.*

[19] *Id.* at 58.

[20] *Id.*

[21] *Id.*

Appellant's "Due Process" before the Norwalk Municipal Court, denying Appellant the "Equal Protection of Law" and "Due Process" of law, as provided by the Fourteenth Amendment of the United States Constitution, Ohio Bill of Rights: Article I, §§ 2, 10, and 16 of the Ohio Constitution. The Huron County Common Pleas Court did not properly obtain "subject-matter" jurisdiction through the Norwalk Municipal Court by way of "bind-over" procedure.

2.   The Appellant was denied his Sixth and Fourteenth Amendments of the United States Constitution, "Right to a Fair Trial," and "Effective Assistance of Counsel" and "Due Process of Laws," Ohio Bill of Rights: Article I, §§ 2, 10, and 16 of the Ohio Constitution. Appellant's guilty plea was not made knowingly, intelligently and voluntarily, where court-appointed counsel failed to inform Appellant that the guilty plea would be for the maximum sentence and above the minimum sentence for that of a third degree felony.

3.   The Appellant was denied his Sixth and Fourteenth Amendments of the United States Constitution, "Right to a Fair Trial and Due Process of Law" and "Effective Assistance of Counsel," Ohio Bill of Rights: Article I, §§ 2, 10 and 16 of the Ohio Constitution. Appellant's guilty plea was not made knowingly, intelligently and voluntarily, due to counsel's deficiency where counsel erroneously advised him to plead guilty without counsel conducting pre-trial discovery to suppress the evidence based upon illegal search & seizure, when the search warrant issued by the Norwalk Municipal Court was not sworn to before a notary public and notarized, and it was therefore an invalid warrant.

4.   The Appellant was denied his Fourteenth Amendment of the United States Constitution, "the Right to a Fair Trial and Due Process of Law," the Ohio Constitution: Article I, §§ 2, 10 and 16, the Ohio Constitution, "Due Course of Law." The sentencing court failed to advise the Appellant that he would be placed on post-release control by order of the court and not of the sole discretion of the Ohio Adult Parole Authority, and/or the Ohio Adult Parole Board.

5.   Appellant was denied his Fourteenth Amendment clause to the United States Constitution, "Right to a Fair Trial," "Equal Protection of Law," and "Due Process of Law," Ohio Bill of Rights: Article I, §§ 2, 10 and 16, of the Ohio Constitution. Appellant was never provided with a reasonable time frame to challenge and/or review the pre-sentencing

investigation report for purpose of preparing for trial. Thereby denying Appellant any fair opportunity to object to any inaccuracy within such report. The court abused its discretion and committed plain error by imposing sentence based upon such findings.

6.     Appellant did not waive in writing his constitutional right to a trial by jury. The sentencing court was without "subject-matter" jurisdiction to impose sentence and/or pass judgment upon Appellant without the written waiver of trial by jury as mandated by Ohio Revised Code § 2945.05 and Criminal Rule 23. The Appellant was denied his Fourteenth Amendment of the United States Constitution, Ohio Bill of Rights: Article 1, §§ 2, 10 and 16 of the Ohio Constitution. The trial court committed plain error and abused its discretion by sentencing the Appellant in a criminal proceeding in which the court did not comply with Ohio Revised Code § 2945.05 and Criminal Rule 23.[22]

Salce also filed a supplemental objection and rebuttal to the *Anders* brief filed by his appointed counsel.[23]

The court found Salce's appeal to be without merit and affirmed the judgment of the trial court.[24]  Salce then filed a timely appeal to the Ohio Supreme Court and asserted these four propositions of law:

1.     A sentence predicated on an unconstitutional sentencing scheme is a nullity and void as a matter of law.

2.     It is a denial of the Sixth Amendment right to counsel where appointed counsel breaches a complex of fundamental dut[ies] due his client.

3.     Due process rights are implicated,*and a criminal defendant is depriv[ed] of his Sixth Amendment right to counsel on his only

---

[22] *Id.* at 59-60.

[23] *Id.* at 97.

[24] *Id.* at 103-11.

state-sponsored appeal as of right [when a trial court] fails to ensure that indigent defendant's appellate right(s) are protected.

4.      Where the right to counsel (Sixth Amendment) has attached, the failure to substitute counsel 'on appeal as of right,' after [removal of the first appointed counsel] constitutes a denial of counsel altogether to which the prejudice does systemically attach.[25]

On January 23, 2008, the Ohio Supreme Court denied the leave of appeal and dismissed the appeal for not involving any substantial constitutional question.[26]

## 4.      Motion for re-sentencing

Continuing *pro se*, Salce filed a motion for re-sentencing in the state trial court.[27] Salce contended that the trial court did not advise him or accord him sufficient notification of post-release control or the maximum penalty therein involved.[28] Salce further alleged that the sentence orally imposed in open court differed from the journalized sentenced.[29]

The court concluded that the maximum penalties were correctly stated at both the sentencing and in the sentencing entry.[30]  The court also determined that there was no

---

[25] *Id.* at 114-15.

[26] *Id.* at 136.

[27] *Id.* at 137.

[28] *Id.* at 139.

[29] *Id.*

[30] *Id.* at 156.

requirement to re-sentence Salce.[31]  Salce then filed for a motion of reconsideration of judgment.[32]  The court denied this motion.[33]

### 5.    Federal habeas corpus petition

Proceeding *pro se*, Salce filed the habeas corpus petition on March 13, 2008, asserting the following grounds for relief:

1.    [W]here a criminal penalty (sentence) is predicated wholly on a declared unconstitutional sentencing scheme, the status as to whether the resulting sentence was "an agreed sentence" violates due process and fundamental fairness where the validity of the "sentencing scheme" was not known to defendant at the time in which the criminal sanction was imposed.[34]

2.    [W]here appointed trial court breaches a complex of essential duties due [her] client, *Strickland v. Washington*, 466 U.S. 668, and prejudice results, it is a denial of the Sixth Amendment right to counsel for the purposes of habeas corpus relief.[35]

3.    [P]etitioner was deprived of his Sixth Amendment right to counsel altogether on his only state-sponsored appeal.  *See*: *Wolfe v. Randle*, ____ F. Supp. 2d ___, S.D. Ohio 2003); *Anders v. California* (1967), 386 U.S. 736; and *Strickland v. Washington*, 466 U.S. 668.[36]

4.    [W]here the right to counsel has attached, it is a violation of the Sixth Amendment right to counsel to deny counsel to an indigent criminal defendant "on appeal as of right" where former counsel has withdrawn

---

[31] *Id.*

[32] *Id.* at 158.

[33] *Id.*

[34] ECF # 1 at 15.

[35] *Id.* at 19.

[36] *Id.* at 22.

from his/her representation of appellant pursuant to *Anders v. California*, ____ U.S. ____ (citation omitted).[37]

# Analysis

## A.    Standard of review

### 1.    AEDPA

The federal district court reviewing a petition for habeas relief "is not a super appellate court."[38]  Rather, federal habeas relief is limited to cases where the petitioner is in custody under a judgment of a state court that violates of the Constitution, laws, or treaties of the United States.[39]  Thus, claims for relief grounded on violations of state law are non-cognizable in federal habeas proceedings.[40]

### a.    State court decision on the merits of the federal claim

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as codified at 28 U.S.C. § 2254(d), an application for a writ of habeas corpus on behalf of a person in state custody under a judgment of a state court may not be granted by the federal habeas court unless the state court's adjudication of the petitioner's federal claim resulted in (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

[37] *Id.* at 24.

[38] *Langford v. Bradshaw*, No. 1:05-cv-1487, 2007 WL 1299214, at *3 (N.D. Ohio April 30, 2007).

[39] 28 U.S.C. § 2254(a).

[40] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

(2) resulted in a decision that was based on an unreasonable determination of the facts as presented at the state court proceedings.[41]

Under this test, a federal habeas court may grant the writ pursuant to the "contrary to" clause if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides the case differently than the Supreme Court on a set of materially indistinguishable facts.[42] The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed."[43]

Under the "unreasonable application" clause, the federal habeas court may grant relief only if the state court first correctly identifies the governing legal principle from the holdings of the Supreme Court, but then unreasonably applies that principle to the facts of the petitioner's case.[44] Here, the proper inquiry for the habeas court is whether the state court decision was "objectively unreasonable" and not merely erroneous or incorrect.[45] The petitioner bears the burden of showing that the state court identified the correct principle of federal law in his case but applied it in an objectively unreasonable manner.[46]

---

[41] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

[42] *Williams*, 529 U.S. at 405-06.

[43] *Id*. at 405.

[44] *Id.* at 407-08.

[45] *Id*. at 409-11.

[46] *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

b.      *Claims asserted as, but not adjudicated as, federal claims in state court*

If the state court resolved a petitioner's federal constitutional claim exclusively in terms of state law without squarely addressing the claim in terms of state law, but the state court's analysis bears some similarity to the inquiry required under federal law, the federal habeas court must accord that decision a modified level of deference.[47]  Specifically, this means that the federal habeas court must "conduct a careful review of the record and applicable law, but nevertheless bars the court from reversing unless the state court decision is contrary to or an unreasonable application of federal law."[48]  When the state court's decision in such circumstances referred solely to state law without citing federal law, the federal habeas court considers only whether that decision was contrary to clearly established federal law.[49]

Similarly, when a state court "'decides a constitutional issue by form order or without extended discussion,' the [federal] habeas court must conduct an independent review of the record and applicable law."[50]  Notwithstanding the need for the habeas court to conduct an

---

[47] *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007) (citing *Maldonado v. Wilson*, 416 F.3d 470, 474 (6th Cir. 2005)).

[48] *Maldonado*, 416 F.3d at 476 (citations omitted); *see also*, *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[49] *Bey*, 500 F.3d at 520.

[50] *Maldonado*, 416 F.3d at 476 (citing *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000)).

independent review, the "inquiry remains the AEDPA standard of whether the state court result is contrary to or unreasonably applies clearly established federal law."[51]

**2.**     ***Guilty plea***

"A plea of guilty is more than a confession that admits the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."[52]

Accordingly, because the guilty plea precludes the exercise of significant constitutional rights associated with a trial, it is well-settled that a plea of guilty will be considered valid only if it is entered voluntarily, knowingly, and intelligently, since the plea operates as a waiver of those rights.[53]  As the Supreme Court has stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he has been charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *He may only attack the voluntary and intelligent character of the guilty plea ....*[54]

The determination of whether the plea was valid is made from evaluating the totality of the circumstances.[55]  The state bears the burden of showing that a plea was voluntary,

---

[51] *Id.* (citing *Harris*, 212 F.3d at 943).

[52] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[53] *Id.*; *Bousley v. United States*, 523 U.S. 614, 618 (1998); *see also*, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

[54] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[55] *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

knowing, and intelligent.[56]  Customarily, this burden is discharged by producing the transcript of the plea hearing.[57]

To be considered a "knowing" plea, the Constitution requires, among other factors, that the defendant be informed of all direct consequences of the plea.[58]  The maximum possible sentence is a direct consequence of a plea,[59] but neither a conviction's possible enhancing effect on subsequent sentences[60] nor eligibility for parole[61] are direct consequences of a plea.

It is well-settled that a guilty plea may be found unintelligent or not knowingly entered if it was induced by the ineffective assistance of counsel.[62]  To prevail on a claim that a plea was unknowing or unintelligent because of ineffective assistance of counsel,[63] the defendant must establish any ineffective assistance according to the rubric set forth in *Strickland v. Washington*.[64]  In the guilty plea context, *Strickland* requires that the petitioner

---

[56] *Id*. at 242.

[57] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[58] *Brady v. United States*, 397 U.S. 742, 755 (1970).

[59] *Hart v. Marion Corr. Inst*., 927 F.2d 256, 259 (6th Cir. 1991).

[60] *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

[61] *McAdoo*, 365 F.3d at 495.

[62] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[63] A more detailed outline of the ineffective assistance standard in contexts other than a guilty plea is set forth below.

[64] *Hill*, 474 U.S. at 57-58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

show both that his counsel rendered constitutionally deficient representation during the plea process and that such deficient representation resulted in prejudice to the petitioner.[65] Specifically, to prove prejudice under *Strickland* in the context of a guilty plea, the petitioner must establish that there is a reasonable probability that, but for his attorney's errors, he would not have entered the plea but instead would have insisted on going to trial.[66]

In addition, a federal habeas court considering a challenge to an Ohio sentence imposed under a plea agreement must give effect to the bargained-for sentence.  As the majority of federal district courts in Ohio have ruled, Ohio law explicitly provides that a sentence authorized by law and agreed to by the defendant is protected from appellate review.[67]

Thus, in the context of an alleged *Blakely* violation, where the parties themselves have agreed to a sentence that is otherwise permitted by law, no additional findings are required by the sentencing court prior to adopting the recommended sentence and so no *Blakely* violation can be said to occur.[68]  Specifically, because the imposition of an agreed-to

---

[65] *Id*. at 58-59.

[66] *Id*. at 59.

[67] *See*, *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976, at *16 (S.D. Ohio April 10, 2008) (citation omitted).

[68] *Id.*; *accord*, *Rockwell v. Hudson*, No. 5:06-cv-391, 2007 WL 892985, at *7 (N.D. Ohio March 21, 2007).  "[T]he trial court in this case [of an agreed-upon sentence], did not base the sentence on [impermissible] factual findings, but rather accepted and imposed the jointly recommended sentence which was presented by the parties."

-14-

sentence in the context of a plea agreement "arises directly from the plea agreement itself and not any judicially found facts," there is, in this context, no violation of *Blakely*.[69]

### 3.     *Right to appointed counsel on appeal*

While a state is not required by the Constitution to afford state criminal defendants the right to appeal, once a state has elected to provide a process of appellate review in criminal cases it must ensure that such appellate process is consistent with the requirements of Due Process and Equal Protection.[70]  In order to comply with Due Process and Equal Protection, a state must provide an indigent criminal defendant with counsel at his first appeal as of right from the criminal conviction.[71]  In Ohio, a criminal defendant's first appeal is of right.[72]

However, indigent defendants do not have the right to bring frivolous appeals, nor do they have the right to have counsel appointed and paid for by the state for the purpose of bringing frivolous appeals.[73]  Rather, as the Supreme Court stated in *Smith v. Robbins*, the Constitution should be understood as guaranteeing the indigent appellant a right to

---

[69] *Warren*, 2008 WL 1732976, at *16; *but see*, *Friley v. Wolfe*, No. 2:05-cv-396, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006).  However, as noted in *Warren (id.* at *17), *Friley* is "contrary to Ohio and federal case authority."

[70] *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Lopez v. Wilson*, 355 F.3d 931, 939 (6th Cir. 2007).

[71] *Douglas v. California*, 372 U.S. 353, 355-58 (1963).

[72] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 889 n.7 (N.D. Ohio 2004) (citations omitted).

[73] *Smith v. Robbins*, 528 U.S. 259, 278 (2000).

"advocacy," or "'a fair opportunity' to bring his appeal," while not requiring states to subsidize frivolous appeals with public funds.[74]

This balance is reflected in the procedure by which appointed counsel may be permitted to withdraw from representation in a first appeal as of right in a case where the appeal is found to be frivolous.  As the *Smith* holding emphasizes, the procedure set forth in *Anders v. California*,[75] by which an appointed counsel may be permitted to withdraw from a first appeal upon filing a brief advising the court that the case is "wholly frivolous" but also "referring in the record to anything that might arguably support the appeal,"[76] should not be construed as mandatory.[77]  Instead, as noted previously, the test is whether a state procedure for the withdrawal of appointed counsel on appeal "reasonably insures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal."[78]

Moreover, because the right to appointed counsel is balanced against the right of the state to not subsidize frivolous appeals, there is no right to have new counsel appointed on

---

[74] *Id*. (citations omitted).

[75] *Anders v. California*, 386 U.S. 738 (1967).

[76] *Id.* at 744.

[77] *Smith*, 528 U.S. at 265, 273.  The *Smith* Court noted (*id*. at 273) that "it is true that we used some language in *Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) suggesting that *Anders* is mandatory upon the States, but that language was not necessary to the decision we reached."  Rather, as *Smith* also noted (*id*. at 265), the procedure described in *Anders* "is a prophylactic one; the States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel."

[78] *Id.* at 276-77.

-16-

appeal when original appointed counsel has been permitted to withdraw because an appeal is frivolous.[79]

### 4.      *Ineffective assistance of appellate counsel*

Under the rule established in *Strickland*, a petitioner establishes ineffective assistance of counsel by showing first that counsel's performance was deficient and then that this deficient performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[80]  Although *Strickland* involved the ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel.[81]  In either case, both prongs of the test must be established in order for the writ to be granted; thus, courts need not address the issue of deficient performance if the petitioner cannot show prejudice.[82]

As to the first prong concerning counsel's performance, the habeas court is to begin with the presumption that counsel rendered adequate assistance.[83]  Then, in reviewing counsel's performance, the court must not engage in hindsight but, rather, must evaluate

---

[79] *Penson*, 488 U.S. at 83-84.  "[T]he Fourteenth Amendment – although demanding active and vigorous appellate representation of indigent criminal defendants – does not demand that States require appointed counsel to press upon their appellate courts wholly frivolous arguments."

[80] *Strickland*, 466 U.S. at 687.

[81] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[82] *Strickland*, 466 U.S. at 697.

[83] *Id*. at 690.

counsel's actions within the context of the circumstances existing at the time of the alleged errors.[84]

The key is not whether counsel's choices ultimately were strategically correct, but whether they were reasonable at the time.[85]  To that end, counsel has a duty to make a reasonable investigation into possible alternatives, but having done so, will be presumed to have made a reasonable decision in the choice selected.[86]

In the context of an appeal, an appellate attorney need not raise every possible issue on appeal to be effective.[87]  Indeed, it is well-recognized that effective appellate advocacy requires the appellate attorney to select only the most promising issues for review.[88]  Moreover, at trial or on appeal, there can be no ineffectiveness in failing to argue a non-meritorious issue.[89]

With regard to the prejudice prong of *Strickland*, the petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding

---

[84] *Id.*

[85] *See*, *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[86] *Strickland*, 466 U.S. at 691.

[87] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

[88] *Id.*

[89] *Strickland*, 466 U.S. at 698.

would have been different.[90]  A reasonable probability is understood to mean a probability sufficient to undermine confidence in the outcome.[91]

**5.    *Evidentiary hearing***

As the United States Supreme Court stated in *Schriro v. Landrigan*,[92] in deciding whether to grant an evidentiary hearing, "a federal [habeas] court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."[93]  In this regard, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[94]

**B.    Application of standards**

**1.    *Preliminary issues***

Before proceeding to address the claims in sequence, I observe that the State concedes that Salce's petition is timely, having been filed within the one-year AEDPA statute of limitations, as tolled.[95]  Moreover, although the State does contend that ground one here is procedurally defaulted (an issue which will be considered below in detail), the State does not

---

[90] *Id.* at 694.

[91] *Id*.

[92] *Schriro v. Landrigan*, 550 U.S. 465 (2007).

[93] *Id*. at 474 (citation omitted).

[94] *Id*.

[95] ECF # 9 at 7-8.

otherwise contend that Salce's remaining claims are unexhausted.[96]  Subject to my discussion of the procedural default matter below, I recommend finding that this petition is timely filed and the claims exhausted.

**2.**     ***Ground one, claiming the agreed-to sentence violates Blakely/Foster, should be denied as without merit.***

In his first ground for habeas relief, Salce essentially asserts that his sentence is now void or voidable, notwithstanding that it was part of an agreed-to plea deal, because it violates *Blakely*, as applied in Ohio by *Foster* – a case decided subsequent to Salce's sentencing.  Salce claims that *Foster* now renders his sentence unconstitutional, requiring a re-sentencing.[97]

The State argues that Salce has procedurally defaulted on this argument because he did not present it at his first opportunity to do so, *i.e.*, in his brief to the Ohio appeals court.[98] Specifically, the State maintains first that by raising the argument initially in his supplemental objection to his appellate attorney's *Anders* brief, Salce did not fairly present the claim to the appeals court.  The State further argues that by later stating this argument in his brief to the Ohio Supreme Court, Salce was too late, rendering the claim liable to dismissal as *res judicata*.[99]

---

[96] *Id.*

[97] ECF # 1 at 5 (Attachment).

[98] ECF # 9 at 10.

[99] *Id.* at 11.

I note preliminarily that it is well-settled that the federal habeas court is not required to address a claimed procedural default if doing so would be complex and is ultimately not necessary to decide the matter against the petitioner.[100]  In this case, I observe that adjudicating the claimed procedural default would involve determining whether Salce, a *pro se* litigant, properly and timely raised an issue on appeal by including it in a supplemental filing tendered subsequent to his appointed attorney's *Anders* brief.  In that circumstance, evaluating the procedural default claim would, necessarily, be complex.

However, such an evaluation would also be unnecessary, since, as will be developed below, Salce's claim in ground one is without merit.  Thus, I will not directly address the claimed procedural default but will consider ground one *de novo* on the merits, pursuant to the modified deference teaching of *Bey*, because no Ohio court has directly addressed Salce's asserted federal claim in this regard.

Essentially, Salce argues in ground one that, since *Foster* found Ohio's sentencing scheme under which he was sentenced to be unconstitutional, then his sentence is voidable, regardless of whether he agreed to it or not, thus entitling him to federal habeas relief.[101] I find this analysis is unpersuasive.

---

[100] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[101] *See*, ECF # 1 at 4(e), (f).  "Ultimately, ... petitioner strongly avers that 'regardless of the nature or status of the sentence' ('i.e. an agreed sentence or otherwise') his protected constitutional rights were and remain violated where the true cause of detention and the fact and duration of such confinement is wholly predicated on an admittedly and declared <u>unconstitutional</u> sentencing scheme."  (Punctuation and emphasis in the original).

I note here initially, as was noted in the highly analogous recent federal district court case of *Canady v. Warden*,[102] that, contrary to Salce's assertion that *Foster* rendered Ohio's entire sentencing scheme invalid, "*Foster* did not preclude the parties from entering a plea agreement, which included an agreed-to sentence falling within the statutory range; nor did *Foster* have 'any effect on whether a plea is voluntary' given that the [*Foster*] decision did not address or otherwise change the plea colloquy requirements set forth in Ohio Criminal Rule 11; 'the basic elements of any offense;' or the basic prison terms provided in R.C. 2929.14(A) or any other penalty.'"[103]

In fact, as the *Canady* decision explicitly observes, the Ohio Supreme Court has held, pursuant to Ohio Revised Code § 2953.08(D), that "'[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'"[104]  Thus, as *Canady* states, although "in *Foster*, the Ohio Supreme Court struck down several provisions of Ohio's sentencing statutes as unconstitutional in light of *Blakely*,[105] § 2853.08(D) was not among the provisions severed."[106]

Because *Foster* left undisturbed the statutory range of punishments prescribed for particular crimes and did not preclude parties from agreed-upon sentences in plea deals,

---

[102] *Canady v. Warden*, No. 1:08-cv-089, 2009 WL 1097536 (S.D. Ohio April 22, 2009).

[103] *Id.*, at *4 (citation omitted).

[104] *Id.* (citing, *State v. Porterfield*, 106 Ohio St. 3d 5, 829 N.E.2d 690, 694 (2005)).

[105] *Blakely v. Washington*, 542 U.S. 296 (2004).

[106] *Canady*, 2009 WL 1097536, at *5.

*Canady* concluded that "'any sentence imposed on an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law' under Ohio Revised Code § 2903.08(D).'"[107]  Therefore, *Canady*, in unison with other federal habeas courts in Ohio, "expressly rejected" Salce's argument here "that a sentence jointly agreed-to under the terms of a plea bargain is 'not authorized by law' based on *Blakely or Foster*."[108]

Accordingly:  (1) since Salce's sentence was lawful and agreed-to and arises directly out of the plea; and (2) since there has been no showing that the plea proposing the recommended sentence was involuntary, unknowing, or unintelligently made;[109]  I recommend finding that ground one be denied as without merit, since the decision of the Ohio appeals court in this respect was not contrary to clearly established federal law.[110]

**3.      *The state court decision denying Salce relief on ground two – the purported ineffective assistance of trial counsel – was not an unreasonable application of Strickland, and so ground two should be denied.***

Salce's second ground for relief asserts that he was denied effective assistance of trial counsel in three ways:

---

[107] *Id.* (citation omitted).

[108] *Id.*, at *6 (citations omitted).

[109] To the degree Salce claims that ineffective assistance rendered his plea unknowing or not intelligent, those arguments are addressed below in relation to ground two.

[110] I would also note that the state appeals court here, although only considering the current ground one on the state law basis argued by Salce, that the trial court abused its discretion in accepting the plea and imposing the sentence, observed, as stated above, that under Ohio Rev. Code § 2953.08(D), a sentence authorized by law that has been jointly recommended by the defendant and the prosecution, and imposed by the trial judge, is not subject to appellate review; and further found that Salce's sentence was authorized by law. ECF # 10, Attachment A at 106.

(1)     that counsel failed to conduct an adequate pre-plea investigation of the facts and circumstances of the case, that counsel did not present any mitigating evidence at the sentencing hearing, and that counsel did not discuss trial strategies with Salce;[111]

(2)     that counsel ignored Salce's demand, or otherwise failed to file an appeal;[112] and

(3)     counsel erroneously advised Salce that, because he accepted an agreed-to sentence, he had no right to appeal from that sentence, even if the Ohio Supreme Court should "strike down" portions of the sentencing law pursuant to *Blakely*.[113]

The State maintains that the Ohio appellate court in this regard[114] properly identified clearly established federal law in *Strickland* and then applied it in a decision that was not an unreasonable application of that law.[115]  For the reasons that follow, I recommend finding that the State's position is substantially well-taken.

First, I note that the state appeals court's analysis here correctly identified the two controlling principles of clearly established federal law applicable to this claim: first, the rule that a guilty plea waives all appeal from any alleged errors committed prior to the entry of the plea; and second, that only remaining issue – that of the voluntariness and knowingness

---

[111] ECF # 1 at 20.

[112] *Id.*

[113] *Id.*

[114] The court there considered the ineffective assistance of trial counsel claim both as formulated in the *Anders* brief of the appointed counsel seeking to withdraw, and as stated in Salce's *pro se* brief.  *See*, ECF # 10, Attachment A at 63, 106.

[115] ECF # 9 at 13-18.

of the plea – is to be evaluated, in the case of a counseled plea, by reference to the ineffective assistance standard pronounced in *Strickland*.[116]

I note further that, having identified the relevant law,[117] the state court then initially denied a claim, not presented here, that Salce's attorney rendered ineffective assistance by not advising Salce that by entering the plea Salce would receive the maximum sentence.[118] The court then summarily rejected all other claims of ineffective assistance on the basis that they were waived by the plea and otherwise were not shown to have rendered the plea unknowing or involuntary.[119]

As to the current allegations of ineffective assistance of trial counsel, I recommend finding that those claims related to a purported failure to conduct an adequate pre-plea investigation, not presenting mitigating evidence at the plea hearing, and not consulting with Salce as to strategy are all of the sort that are waived by a valid plea.  In that respect, then, I further recommend finding that the appeals court decision was not an unreasonable application of clearly established federal law.

---

[116] *See*, ECF # 10, Attachment 1 at 107-08.

[117] In the case of the law pertaining to a guilty plea waiving appellate rights for other pre-plea errors, the state court cited to Ohio authority, not that of the United States Supreme Court.  *Id.* at 108.  However, it is not required that the state court cite to a particular case of the United States Supreme Court so long as neither its reasoning nor its result contradicts the holdings of that Court.  *See*, *Early v. Packer*, 537 U.S. 3, 8 (2002).

[118] ECF # 10, Attachment 1 at 106-07.

[119] *Id*. at 108.

As to the allegation that Salce's attorney erroneously informed Salce that he could not appeal from an agreed-to sentence, I note that this was raised by Salce to the Ohio court,[120] but not directly addressed in the appeals court's decision.  Arguably, such erroneous advice would not be waived by the plea, but would go to whether the plea itself was procured unknowingly or unintelligently.  Thus, I cannot recommend finding that the appellate court's blanket dismissal of all claims of ineffectiveness save the one related to the length of the sentence applies to this claim.

However, it is clear that this claim is without merit.  In the first instance, there is no proof in this record of what Salce's attorney said or didn't say concerning his right to appeal.  Further, the record is clear that whatever Salce was told by counsel, he signed a plea agreement stating that "[he] underst[ood]" that he had the right to appeal from a maximum sentence and possessed other "limited appeal rights" that must be exercised within 30 days.[121]

It is hard to credit any claim that he was misled concerning appeal rights prior to the plea when he himself signed a statement saying he understood those rights.  Specifically, that document plainly states that there remained to Salce after the plea "limited appeal rights" which must be exercised within 30 days of sentencing.[122]  By tendering the plea, as noted in

---

[120] *See*, *id*. at 101.

[121] ECF # 10, Attachment 1 at 6.

[122] *Id*. I note here that the state appeals court denied another claim by Salce, not advanced here, by referring to this signed plea agreement which flatly contradicted the claim Salce was making.  *See*, *id.* at 111.

the *Anders* brief, Salce did waive the right to contest the sentence, provided that the plea was intelligent and voluntary.[123]

Salce has offered nothing in his filings before the state court or this Court to explain why his written acknowledgment of his appeal rights should be ignored in favor of finding, on no evidence of record, that his attorney mislead him into believing that, by pleading guilty, he would waive all appellate rights. He has also offered nothing to show that this advice, even if given, was incorrect in the case of a valid plea.

Thus, to the degree that this inquiry is relevant only insofar as it may go to showing that the plea was invalid for being given unknowingly, there is no evidence, even assuming *arguendo* that Salce was misled by his counsel about the extent, if any of appellate rights, and further that counsel's action served to override the plain meaning of the statements in the plea agreement signed by Salce, that counsel's action had any prejudicial effect. Specifically, there is nothing to show that, but for such action, Salce would have rejected the plea and insisted on going to trial. A review of the plea hearing and the sentencing hearing show to the contrary.[124]

Thus, I recommend finding that the state court decision in this respect was not contrary to clearly established federal law.

---

[123] *Id.* at 46-47.

[124] *See*, *id*. at 178-79. "THE DEFENDANT: Okay. Sorry. I just deeply regret what I did. I apologize to the community itself. Thank God that I never hurt anybody. I deeply regret and just thank the Lord that's already forgiven me and give me peace and put all this behind me."

Finally, as to the claim that trial counsel ignored Salce's instruction to file an appeal, I note that whatever merit there may be in this assertion, which cannot be proven by the record, Salce has not shown how that action prejudiced him.  In fact, he was granted leave to file a delayed appeal and was appointed counsel to assist him in that appeal.[125]  In sum, he had the direct appeal as of right he was entitled to.  Consequently, absent any prejudice from the alleged failure of trial counsel to file a timely appeal, I recommend finding that this aspect of the claim should be denied as the decision of the Ohio court on direct appeal of the issue of ineffective assistance of trial counsel was not contrary to clearly established federal law.[126]

**4.      *Salce's third and fourth grounds for relief – alleging that he was deprived of his right to counsel on appeal when his appointed counsel ignored Salce's directions as to claims to raise in favor of filing an Anders brief and was permitted to withdraw with no substitute counsel being appointed – should be denied as without merit.***

Salce here makes several assertions:

_____

[125] *Id*. at 26-28.  Of course, after the *Anders* brief, Salce was further granted the right to file his own *pro se* appeals brief and to have it considered with the brief filed by appointed counsel.

[126] Procedurally, a portion of this claim was technically presented to the Ohio courts as part of Salce's application for a delayed appeal, so in that sense it has been exhausted. But, the Ohio courts agreed with Salce and provided the remedy of a delayed appeal. Accordingly, in a sense, this claim is properly seen as moot.  However, to fully address the claim within the context of *Strickland*, a context not used in the motion for a delayed appeal, I have elected to recommend that the claim here be denied on the basis that the Ohio court decision on direct appeal was not contrary to *Strickland*.

(1)    that he was denied effective assistance of appellate counsel by his appointed attorney when he ignored Salce's written directions as to potential claims and instead filed an *Anders* brief;[127] and

(2)    that he was denied his Sixth Amendment right to counsel when the appeals court permitted appointed counsel to withdraw, but then refused Salce's request to have substitute counsel appointed.[128]

I note initially that although these claims were arguably substantially raised in Salce's brief to the Supreme Court of Ohio,[129] that Court disposed of the claims in a form order, stating that Salce's claims did not involve any substantial constitutional question.[130]  In such a case, as noted earlier, the federal habeas court must conduct an independent review of the record and applicable law, but then, applying the AEDPA test, only grant the writ if the state court decision is contrary to or involved an unreasonable application of clearly established federal law.[131]

In that regard, I recommend finding that both remaining grounds for habeas relief here be denied as without merit.  As the Supreme Court made clear in *Smith*, the Constitution only guarantees Salce the right of advocacy during the first appeal as of right but does not compel the State to subsidize a frivolous appeal with public funds.[132]

---

[127] ECF # 1 at 20.

[128] *Id.* at 21.

[129] *See*, ECF # 10, Attachment 1 at 113-25.

[130] *Id.* at 136.

[131] *Maldonado*, 416 F.3d at 476 (citation omitted).

[132] *Smith*, 528 U.S. at 278.

Salce fundamentally misreads the nature and scope of his right to counsel during the first appeal as of right by arguing that appointed counsel is required to advance issues he deems frivolous, or that the State is compelled to appoint new counsel after the original appointed counsel is permitted to withdraw from a frivolous appeal.[133]  Moreover, it is clear that the state court explicitly followed Ohio's *Anders* procedure and concluded on the record that Salce's entire appeal was "wholly frivolous."[134]

Upon my review, pursuant to the standard of *Maldonado*, of the applicable law as stated by the United States Supreme Court in *Smith*, and of the decision of the Ohio appeals court in this regard, I recommend finding that the state court adjudication here was not contrary to, or an unreasonable application of, clearly established federal law as promulgated by the United States Supreme Court in *Smith*.  Therefore, I recommend that grounds three and four of this petition be dismissed.

---

[133] Salce has tried here to create a new habeas claim that the state appeals court never found Salce's issues to be frivolous and, by addressing them, implicitly found them not frivolous.  *See*, ECF # 1 at 23.  I note that the state appeals court, in fact, scrupulously followed Ohio's *Anders* procedure in Salce's case.  First, they noted that appointed counsel advised the court that an appeal here would be wholly frivolous.  ECF # 10, Attachment 1 at 104-05.  Next, counsel provided the court with any potential grounds for appeal, to which Salce added grounds in a *pro se* brief.  *Id*.  Then, the court undertook to conduct its own "full examination of the proceedings held below to determine if the appeal is indeed wholly frivolous." *Id*.  Finally, the Ohio court stated that after conducting "our own independent review of the record, ... [a]ll of [Salce's] proposed assignments of error are found not well-taken.  *Accordingly, this appeal is found to be without merit and is wholly frivolous*." *Id*. at 111 (emphasis added).

[134] *Id*.

-30-

## Conclusion

For the foregoing reasons, I recommend that the petition of Javier Salce for federal habeas relief be denied in all respects and that no evidentiary hearing be conducted.[135]


Dated:   May 28, 2009                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[136]

---

[135] *See*, *Landrigan*, 550 U.S. at  474.

[136] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-31-